**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSAN BAILEY,

       Plaintiff - Appellant,

  v.

AVIS BUDGET GROUP, INC.; et al.,

       Defendants - Appellees.

No. 13-15320

D.C. No. 3:12-cv-01486-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

    Susan Bailey appeals pro se from the district court's judgment dismissing

her diversity action alleging hostile work environment and retaliation claims under

California's Fair Employment Housing Act ("FEHA"). We have jurisdiction under

28 U.S.C. § 1291. We review de novo a district court's grant of a motion for

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judgment on the pleading under Fed. R. Civ. P. 12(c). *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). We affirm.

The district court properly dismissed Bailey's action because Bailey failed to allege facts sufficient to state a hostile work environment or retaliation claim under the FEHA. *See Lyle v. Warner Bros. Television Prods.*, 132 P.3d 211, 220 (Cal. 2006) (elements of hostile work environment claim under FEHA); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (elements of a retaliation claim under FEHA); *see also* Cal. Gov't Code § 12940(j)(1) (an employer is liable under FEHA if it "knows or should have known" of the unlawful conduct and "fails to take immediate and appropriate corrective action").

The district court did not abuse its discretion by denying Bailey's motion for leave to file an amended complaint because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that a "district court may deny leave to amend when amendment would be futile").

**AFFIRMED.**

13-15320